PER CURIAM.
The appellant seeks review of the juvenile court’s final order committing him to the custody of the Department of Health and Rehabilitative Services (HRS). We reverse.
The appellant initially pled guilty to two counts of burglary. The court withheld adjudication and placed him on community control. Thereafter, the state filed one petition for an order of detention alleging that the appellant had absconded from his community control supervision and another petition alleging that the appellant committed the offense of petit theft. After the appellant entered a plea of no contest as to the community control violation and was found guilty of petit theft, the court adjudicated him delinquent and committed him to the custody of HRS for placement at a facility known as “Eckard Camp.” This timely appeal followed.
We agree with the appellant’s contention that the court erred in disregarding the three placement options listed in the HRS commitment plan and committing him to the custody of HRS with the recommendation that he be placed at Eckard Camp, a facility which was not included in the placement options. The juvenile court is only permitted to “rank the options presented by the department in order of the preference of the court.” § 39.09(3)(e), Fla.Stat. (1985). The provisions of section 39.09(3)(e) are mandatory and do not allow the court to recommend its own options for placement. A.H. v. State, 499 So.2d 27 (Fla. 2d DCA 1986). We, accordingly, reverse the commitment order and remand with instructions that the court rank the three placement options contained in the HRS commitment plan.
Reversed and remanded with instructions.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.